AO 121 (6/90)

| TO: | |
|---|---|
| Register of Copyrights<br>Copyright Office<br>Library of Congress<br>Washington, D.C. 20559 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION OR APPEAL<br>REGARDING A COPYRIGHT |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☑ ACTION   ☐ APPEAL | COURT NAME AND LOCATION<br>United States District Court, Southern District of California<br>333 West Broadway, Suite 420<br>San Diego, CA 92101 | |
|---|---|---|
| DOCKET NO.<br>20-cv-2125-LAB-DEB | DATE FILED<br>10/29/2020 | |
| PLAINTIFF<br>Jill Greenberg, Individually and on behalf of minor V.G. | | DEFENDANT<br>Puppy Dogs and Ice Cream, Inc. and DOES 1-20 |

| | COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|---|
| 1 | See attached | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading | | |
|---|---|---|---|
| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | | AUTHOR OF WORK |
| 1 | | | |
| 2 | | | |
| 3 | | . | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order   ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes   ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

**DISTRIBUTION:**
1) Upon initiation of action, mail copy to Register of Copyrights
2) Upon filing of document adding copyright(s), mail copy to Register of Copyrights
3) Upon termination of action, mail copy to Register of Copyrights
4) In the event of an appeal, forward copy to Appellate Court
5) Case File Copy

Amanda L. Bruss (SBN 246249)
Harmon Seidman & Bruss, LLC
8728 East 54th Place
Denver, CO 80238
(415) 271-5754
amanda@harmonseidman.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL GREENBERG, INDIVIDUALLY AND ON BEHALF OF MINOR V.G., <br><br> Plaintiff, <br><br> v. <br><br> PUPPY DOGS AND ICE CREAM, INC., and DOES 1 – 20, <br><br> Defendants. | Case No. **'20 CV 2125 LAB DEB** <br> COMPLAINT FOR: <br> (1) Copyright Infringement (17 U.S.C. § 501(b)); <br> (2) Contributory Copyright Infringement; <br> (3) Violation of the Digital Millennium Copyright Act (17 U.S.C. § 1202(b)); <br> (4) Commercial Misappropriation; and <br> (5) Violation of California Civil Code § 3344. <br> DEMAND FOR JURY TRIAL |

Plaintiff Jill Greenberg, individually and on behalf of minor V.G., in her Complaint against Puppy Dogs and Ice Cream, Inc. ("PDIC") and Does 1 – 20, alleges:

**STATEMENT OF ACTION**

1. This is an action for (1) copyright infringement, (2) contributory copyright infringement, (3) violation of the Digital Millennium Copyright Act ("DMCA"), (4) common law commercial misappropriation, and (5) violation of California Civil Code § 3344, brought by Jill Greenberg, as owner of copyrights to the photograph, *Unless,* and as legal guardian and natural parent of minor V. G., subject of the work, against Defendant

Puppy Dogs and Ice Cream, Inc. ("PDIC") for its unauthorized use of *Unless* in marketing the book, *Right Now, I am Fine*. Jill Greenberg also alleges claims of copyright infringement, contributory copyright infringement, and violation of the DMCA against Defendant Doe 1 (an unidentified marketing company) for its alleged role in creating and distributing the infringing work, and for copyright infringement against Does 2 – 20 for republishing *Unless* as a result of PDIC's conduct.

PARTIES

2. Jill Greenberg is a contemporary American photographer known for her stylized and digitally manipulated imagery. Credited with creating a new photography style which has been described as "distinctive ethereal backlighting," Greenberg creates painterly and emotive images that are easily recognizable by her clients and fans.

3. V.G. is 17 years old, and the subject of *Unless*. Jill Greenberg is V.G.'s natural parent and legal guardian.

4. PDIC is a Delaware Corporation, with offices in San Diego, California, Englewood, Colorado and Salt Lake City, Utah. Upon information and belief, PDIC primarily markets its products online, reaching individuals throughout the United States and around the world. Jason Kutasi is the CEO of PDIC.

5. Doe 1 is an unidentified advertising agency PDIC alleges it retained to create a marketing campaign for its book, *Right Now, I am Fine*.

6. Does 2 – 20 are unidentified third parties who, upon information and belief, reposted the infringing advertisement.

**JURISDICTION**

7. This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States, California statute, and California common law. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1338 (copyright), and 1367 (supplemental jurisdiction).

**VENUE**

8.     Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. § 1400(a).

**FACTS**

9.     Jill Greenberg created the below photograph, *Unless*, as part of her best-known series, *End Times:*



10.    The *End Times* series consists of surreal portraits of young children crying in pain, lit in a dramatic fashion similar to Renaissance paintings. American Photo magazine called the work, "the most controversial photo series of the year" in their April 2006 print edition, and the volume of online comments in response crashed their server. After release of the series, Ms. Greenberg was interviewed by BBC TV, Inside Edition, Good Morning America; and the work was covered in The Los Angeles Times, The New York Times, The Sydney Morning Herald, and El Pais in Spain among others. The London Sunday Times magazine ran a six-page cover story called "The Great Lollipop Debate," referring to one of the methods for making the children cry (the children's mothers or

photo assistants requesting the return of lollipops). *End Times* has been exhibited in solo shows in Los Angeles, New York, Paris, Adelaide, Australia, and in group shows at such venues as Brown University, the Museum of Contemporary Canadian Art in Toronto, Boston University, and Museo d'Arte Contemporanea, Rome (curated by Paul Wombell). The *End Times* photographs have been acquired by private collectors. The series is also collected in a book, published in 2017.

11. Jill Greenberg created *End Times* to reflect her frustration with the politics of the Bush era. "The most dangerous fundamentalists aren't just waging war in Iraq; they're attacking evolution, blocking medical research and ignoring the environment," she wrote in a statement. "It's as if they believe the apocalyptic End Time is near, therefore protecting the earth and future of our children is futile. As a parent I have to reckon with the knowledge that our children will suffer for the mistakes our government is making. Their pain is a precursor of what is to come."

12. Ms. Greenberg does not license the *End Times* photographs for marketing use. Doing so would diminish their value as fine art works, and undercut the political message the works were created to express.

13. *End Times* and its component works, including *Unless,* were registered with the Copyright Office on March 22, 2006.

14. Ms. Greenberg does not permit her works to be displayed online, even if properly licensed, without an accompanying credit identifying Greenberg as copyright owner.

15. Upon information and belief, PDIC is a publisher located in San Diego, California, with additional offices in Englewood, Colorado and Salt Lake City, Utah. PDIC publishes religious books for children. According to materials promoting a December 20, 2020 WebEx presentation entitled, PubU Online: Forget Amazon: How to 10x Your Book Sales Online, featuring its CEO, Mr. Kutasi, PDIC "is on pace to do $20M in revenue" this year. See Exhibit 1.

16. In early September 2020, collectors and clients notified Jill Greenberg that *Unless* was being used by PDIC in its online marketing materials to sell its book, *Right Now, I am Fine*. An exemplar copy of this use is attached hereto as Exhibit 2. Upon information and belief, PDIC, either directly or by and through a third party, copied, *Unless* from Ms. Greenberg's website and intentionally reproduced it without her name or other copyright management information ("CMI"), with the intent that third parties would copy and display the infringing advertisement.

17. PDIC's use of *Unless* included posts on Facebook and Instagram. Upon information and belief, PDIC reproduced and displayed *Unless* in additional, unidentified marketing materials.

18. Upon information and belief, PDIC removed information identifying Ms. Greenberg as copyright owner of *Unless* before reproducing and displaying it in its advertisements. Upon information and belief, PDIC encouraged third parties to repost the infringing materials to further the reach of its marketing efforts and sell more books.

19. On September 9, 2020, by and through her counsel, Jill Greenberg notified PDIC in writing that its use of *Unless* was unauthorized and infringing, and demanded disclosure and immediate cessation of all uses of the photograph.

20. On September 10, 2020, Mr. Kutasi contacted Ms. Greenberg's counsel, indicating his receipt of the September 9, 2020 letter. On September 11, 2020, Mr. Kutasi spoke with Ms. Greenberg's counsel and claimed he hired an unidentified advertising company to create marketing materials for, *Right Now, I am Fine*. Ms. Greenberg's counsel reiterated the request that all uses be discontinued and disclosed. Mr. Kutasi further stated that he would speak with counsel and the advertising company as soon as possible to obtain the requested information.

21. On September 14, 2020, Mr. Kutasi stated, "all ads that may have included [Ms. Greenberg's] image have been paused." Mr. Kutasi did not, however disclose the scope of those uses as requested, or indicate what 'pausing' an ad meant. On September

17, 2020, *Unless* was still being displayed on Facebook marketing materials for *Right Now, I am Fine*. Ms. Greenberg, through her counsel, sent a DMCA takedown notice to Facebook to effectuate removal of one such use. But without complete disclosure of all uses made, Ms. Greenberg is not able to issue additional notices.

22. Over the course of the ensuing weeks, Ms. Greenberg, through counsel, repeatedly asked PDIC for specific information regarding the scope of its use of *Unless*, as well as information regarding how it obtained access to the work, and about its alleged relationship with the advertising company it claimed was responsible for creating the ad. PDIC, through Mr. Kutasi, indicated that it used the image, "on Facebook" but refused to provide any additional information. Instead, PDIC demanded that Ms. Greenberg provide evidence substantiating her claims. Ms. Greenberg provided a copy of the relevant registration certificate on September 29, 2020.

23. On October 8, 2020 – nearly a month after first contacting PDIC, Greenberg sent a final written request to PDIC's counsel asking for:

- specific identification of all uses made of *Unless*, including those made by third parties as a result of PDIC's infringing uses;

- documents reflecting cessation of all such use;

- an explanation as to how PDIC came to use the Photograph in its marketing, including <u>where</u> it obtained access to *Unless*;

- documents reflecting PDIC's contractual relationship with the unidentified marketing company it alleges it retained to create the infringing advertising campaign, including any communications with that company; and

- disclosure of all revenue PDIC obtained in connection with its infringements.

Greenberg requested that the information be provided by October 16, 2020.

24. PDIC did not provide any information within the requested time frame. Instead, on October 16, 2020 it stated it needed "a couple weeks to prepare a response."

Greenberg responded the same day and offered PDIC an additional week to compile the requested data, if PDIC would produce a signed declaration, by close of business on Monday, October 19, 2020, averring that all uses of Ms. Greenberg's work, whether by PDIC directly or by third parties as a result of PDIC's actions, have ceased. PDIC did not respond.

25. On October 21, 2020, PDIC e-mailed a declaration signed by Jason Kutasi, averring, "that all allegedly infringing use of the Work by PDIC directly, or over which PDIC has direct control, has ceased." Significantly, the declaration did not provide any of the requested information regarding what uses were made. Neither did it address reposts or shares made by third parties of the infringing marketing materials.

26. As of this date, PDIC has not provided the information requested in Greenberg's letters. Plaintiff is therefore unable to ascertain the full scope of PDIC's misconduct.

## COUNT I

### *Direct Copyright infringement against PDIC and Does 1 – 20*

27. Greenberg incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

28. PDIC and Doe 1's copying and distribution of *Unless* in the at-issue marketing campaign, and Does 2 – 20's reposting of the work, constitute infringement of Greenberg's copyright in violation of 17 U.S.C. §§ 1202(b).

29. Greenberg suffered damages as a result of the Defendants' infringing use of the Photographs.

## COUNT II

### *Contributory Copyright Infringement against PDIC*

30. Greenberg incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

31. Upon information and belief, PDIC intended for third parties to repost the

infringing marketing materials, and in fact its goal in creating the materials was for them to be reproduced and distributed widely, so as to reach the greatest possible number of viewers.

32. Upon information and belief, PDIC knowingly induced, caused, or materially contributed to the infringing conduct of Does 2 – 20, who infringed Ms. Greenberg's work by reposting PDIC's advertisements.

## COUNT III

**Violation of the Digital Millennium Copyright Act ("DMCA") against PDIC and Doe 1**

33. Greenberg incorporates herein by this reference each and every allegation set forth in the paragraphs above.

34. Upon information and belief, PDIC and/or Doe 1 intentionally removed CMI from *Unless* prior to incorporating it into the infringing advertisement, and distributed the work without any CMI, knowing, or having reason to know, that doing so would induce, enable, facilitate, and/or conceal infringement of Ms. Greenberg's copyrights.

35. Upon information and belief, as a result of PDIC and/or Doe 1's conduct, Does 2 – 20 in fact copied *Unless* in violation of Ms. Greenberg's copyrights.

36. The foregoing acts of PDIC and Doe 1 constitute one or more violations of the DMCA, 17 U.S.C. §§ 1202 *et seq*.

37. Greenberg suffered damages as a result of Defendants' unauthorized removal and/or alteration of copyright management information from, and subsequent distribution of *Unless*.

## COUNT IV

**Commercial Misappropriation against PDIC**

38. Plaintiff incorporates herein by this reference each and every allegation set forth in the paragraphs above.

39. *Unless* is a portrait of V.G.  PDIC's reproduction of *Unless* in its marketing materials constitutes appropriation of V.G.'s likeness to sell PDIC's products.  Neither V.G. nor her parents consented to this use.  V.G. suffered harm as a result of this use, including but not limited to having her likeness used in connection with a company and product she does not endorse or support.

## COUNT V

### Violation of California Civil Code § 3344 against PDIC

40. Plaintiff incorporates herein by this reference each and every allegation set forth in the paragraphs above.

41. Upon information and belief, PDIC knowingly used V.G.'s likeness without permission to advertise its product and increase sales, in violation of California Civil Code § 334.

**WHEREFORE**, Plaintiff requests the following:

1. A preliminary and permanent injunction against PDIC and anyone working in concert with PDIC from copying, displaying, or distributing, *Unless*.

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of *Unless* used in violation of Greenberg's exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable dispossession of the unlawfully used work, including digital files and any other means by which it could be used again.

3. An award of Greenberg's actual damages and all profits derived from the unauthorized use of *Unless*, or, at Greenberg's election, statutory damages.

4. An award of reasonable attorneys' fees.

5. An award of court costs, expert witness fees, interest and all other amounts authorized under law.

6. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues permitted by law.

DATED: October 29, 2020

Plaintiff Jill Greenberg, by her attorneys,

s/Amanda L. Bruss
Amanda L. Bruss (SBN 246249)
Harmon Seidman & Bruss, LLC
8728 East 54th Place
Denver, CO 80238
(415) 271-5754
amanda@harmonseidman.com

Attorney for Jill Greenberg