UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL GREENBERG, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>PUPPY DOGS AND ICE CREAM, INC.,<br><br>                              Defendant. | Case No.:  20-cv-2125-LAB (DEB)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING JOINT PETITION TO APPROVE MINOR'S SETTLEMENT**<br><br>**[DKT. NO. 10]**<br><br>**REDACTED** |

This Report and Recommendation is submitted to the Honorable Larry Alan Burns, United States District Judge, pursuant to Local Civil Rule 17.1.

## I.   INTRODUCTION

Before the Court is the parties' "Joint Petition to Approve Minor's Settlement." Dkt. No. 10. The parties' Petition seeks Court approval of a settlement between minor Plaintiff V.G. and Defendant. *Id.* For the reasons set forth below, the Court **RECOMMENDS** the Petition be **GRANTED**.

## II.   BACKGROUND

On October 29, 2020, Plaintiff Jill Greenberg, individually and on behalf of minor V.G., filed a Complaint alleging Defendant used and reproduced a photograph of V.G. for

commercial purposes and without authorization. *See* Dkt. No. 1. The Complaint alleges two causes of action on behalf of V.G.: (1) common law commercial misappropriation; and (2) violation of California Civil Code § 3344 ("Use of another's name, voice, signature, photograph, or likeness for advertising or selling or soliciting purposes"). *Id*. at 8–9. V.G. alleges that she "suffered harm as a result . . . including but not limited to having her likeness used in connection with a company and product she does not endorse or support." *Id*. at 9. The parties reached an early resolution of the case. On February 17, 2021, the parties filed the instant Petition seeking the Court's approval of the settlement of V.G's claims. Dkt. No. 10.

## III.   LEGAL STANDARD

"[T]he court in which a minor's claims are being litigated has a duty to protect the minor's interests." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983); *see also* Fed. R. Civ. P. 17(c)(2) (requiring district courts to "appoint a *guardian ad litem* . . . to protect a minor . . . who is unrepresented in an action"). When the parties settle an action involving a minor litigant, the Court must "'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).  "No action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." CivLR 17.1(a).

Courts "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. Courts also "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Id*. at 1182 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in

similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

*Robidoux* applies to cases involving the settlement of a minor's *federal* claims. *Id.* at 1179 n.2. Because California law governs V.G.'s commercial misappropriation and California Civil Code § 3344 claims, the Court also evaluates the settlement under state law. *See A.M.L. v. Cernaianu*, No. 12-cv-06082-JAK-RZx, 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014) (citing cases applying state rules to a settlement of state law claims).[1]

Under California law, the court must evaluate the reasonableness of the settlement and determine whether it is in the best interest of the minor. *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (1994). California law also requires a court to approve any reasonable expenses, costs, and attorney's fees deducted from the settlement. Cal. Prob. Code § 3601(a).

This District's Local Rules also require that "[m]oney or property recovered by a minor . . . by settlement or judgment must be paid and disbursed in accordance with California Probate Code [§] 3600, *et seq*." CivLR 17.1 (b). Under California Probate Code § 3611(e), "[i]f the remaining balance of the money and other property to be paid or delivered does not exceed five thousand dollars ($5,000) in value and is to be paid or delivered for the benefit of a minor . . .  all or any part of the money and the other property [must] be paid or delivered to a parent of the minor."

/ /

/ /

---

[1]   The Court need not decide whether *Robidoux* or state rules apply because the outcome under both is the same. *See A.M.L.*, 2014 WL 12588992, at *3 (finding it unnecessary for the court to resolve whether *Robidoux* or state rules applied to the approval of a minor's compromise in a case involving state tort law claims where the proposed settlement would satisfy both standards); *see also R.N. v. United States*, No. 17-cv-1583-L (BGS), 2019 WL 6724338, at *2 n.2 (S.D. Cal. Dec. 11, 2019) (same); *Estate of Alvarado v. Tackett*, No. 13-cv-1202-LL, 2019 WL 4573714, at *3 (S.D. Cal. Sept. 20, 2019) (same).

**IV.   DISCUSSION**

Under the proposed settlement, Defendant agrees to pay $██ to all Plaintiffs to settle all claims. Of that amount, V.G. will receive $██, and Plaintiffs' counsel will receive twenty-five percent of V.G.'s gross recovery. Dkt. No. 10-2 at 3. The parties also represent that no costs will be deducted from V.G.'s portion of the settlement. Dkt. Nos. 10-1 at 5; 10-3 at 2–3. Additionally, V.G.'s mother, Ms. Greenburg, will hold the settlement proceeds in trust on V.G.'s behalf until she turns 18 years old on August 2, 2021. Dkt. No. 10-2 at 3.

After conducting an independent inquiry and evaluating the proposed settlement, the undersigned recommends approval of the proposed settlement as a fair and reasonable settlement that serves the best interests of V.G. In recommending approval, the Court gives substantial weight to the lack of any physical, mental, or emotional injuries suffered by V.G. *See* Dkt. No. 10-1 at 3 (representing that V.G. "has not incurred any medical expenses, and does not anticipate any future such needs."). Thus, V.G.'s potential recovery is limited if the case were to proceed to trial. The Court also recognizes that the outcome of litigation is uncertain by its nature, and, if the case were to proceed to trial, V.G. could recover nothing.  Moreover, proceeding to trial would necessarily require a substantial outlay of costs, expenses, and attorney's fees that might significantly reduce (or eliminate altogether) any modest damages award that V.G. might receive.

The Court also finds that the settlement of V.G.'s claims is comparable to settlements and verdicts in similar cases.  *See, e.g., Timed Out LLC v. 13359 Corp.*, 21 Cal. App. 5th 933, 936 (2018) (trial court awarded professional model $4,483.30 after two-day bench trial where "the trial court found a 'clear violation by Defendant' under the common law and section 3344" for using the plaintiff's likeness to promote an event at a bar); *Del Amo v. Baccash*, No. 7-cv-663 PSG (JWJx), 2008 WL 2780978, at *10 (C.D. Cal. July 15, 2008) ("[Plaintiff] is entitled to recover $750 for Defendants' misappropriations through use of each of the . . . photographs" used on Defendants' website to promote its online rental business.); *Ken Roberts Co. v. Go To.com*, No. 99-cv-4775-TEH, 2000 U.S.

Dist. LEXIS 6740, at *18 (N.D. Cal. May 11, 2000) ("Plaintiffs are also awarded $750 against each of the two defaulting defendants pursuant to California Civil Code section 3344."); *Joyner v. Akhtarzad*, No. BC353707, 2007 WL 5156910 (Cal. Super. Ct.) (minor plaintiff received $9,000 in settlement where defendants did not have plaintiff's permission to use her photographs in an electronic products advertisement printed in the Los Angeles Times).

Additionally, the method of disbursement appears fair and reasonable and within the bounds of the applicable law and this District's Local Civil Rules. V.G.'s mother will hold V.G.'s $█████ recovery in trust until V.G. reaches the age of majority. Dkt. Nos. 10-1 at 6; 10-2 at 3. *Accord Doe v. Lincoln Mil. Prop. Mgmt. LP*, No. 20-cv-00224-GPC (AHG), 2020 WL 5810168, at *4 (S.D. Cal. Sept. 30, 2020) (John Doe 2's settlement proceeds, not exceeding $5,000, "can be disbursed to his mother Jane Doe to be held in trust for him until he reaches the age of majority.").

Finally, the Court finds that the proposed amount of attorneys' fees is reasonable. *See Napier v. San Diego*, No. 15-cv-581-CAB (KSC), 2017 WL 5759803, at *3 (S.D. Cal. Nov. 28, 2017) ("Generally, fees in minors cases have historically been limited to 25% of the gross recovery").

In sum, the Court finds that the settlement is fair and reasonable and in V.G.'s best interests in light of the nature of the claims, the procedural posture of the case, the lack of any physical or emotional injuries suffered by V.G., and settlements and verdicts in comparable cases. Accordingly, the undersigned recommends approving the proposed settlement.

## V.   CONCLUSION

Based on the foregoing, the undersigned recommends that the Court issue an order: (1) adopting this Report and Recommendation; and (2) **GRANTING** the Joint Petition to Approve Minor's Settlement.

It is **ORDERED** that on or before **April 5, 2021**, any party to this action may file written objections to this Report and Recommendation with the Court and serve a copy on

all parties. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections must be filed with the Court and served on all parties on or before **April 12, 2021**.

**IT IS SO ORDERED**.

Dated:  March 19, 2021

Honorable Daniel E. Butcher
United States Magistrate Judge